HOWARD (AMES v.). See Case No. 326.
HOWARD (BOWEN v.). See Case No. 1,723.

## Case No. 6,754.

### HOWARD v. CHRISTY.

[2 Ban. & A. 457; [1] 10 O. G. 981.]

Circuit Court, W. D. Pennsylvania. Nov. 13, 1876.

PATENTS—APPLICATION AND ISSUE — DATE OF INVENTION.

The original application for a patent, dated December 6, 1849, was filed in the patent office, March 1, 1850, was rejected April 9, 1850, and was withdrawn May 4, 1850. It was afterwards repeatedly renewed and resulted in the allowance of patents in 1869: *Held*, that the date of the invention is referable to the date of the original application, to wit, December 6, 1849.

[This was a suit by James Howard against Robert Christy to recover damages for the infringement of two patents.]

James J. Johnston and George H. Christy, for plaintiff.

Joseph M. Gazzam, for defendant.

McKENNAN, Circuit Judge. This is an action at law for the infringement of two patents granted to James Howard, the plaintiff, as follows: (1) Patent No. 91,133, dated June 8, 1869, in which the invention claimed is: The method described (in the specification) for preparing paper for roofing purposes—to wit, by passing the paper through liquid asphaltum, heated to that degree which will cause the paper and the asphaltum on it to dry as fast as it is drawn from the reservoir of liquid asphaltum. (2) Patent No. 95,689, dated October 12, 1869, in which the invention claimed is: The arrangement of the reservoir, A, windlasses, B and C, adjustable rollers, D, scrapers, i and h, and rollers, e and f, constructed, arranged and operating substantially as described in the specification and for the purposes therein set forth.

The parties have stipulated to waive a jury, and that the issues of fact in the case be tried and determined by the court, and the evidence on both sides has been taken in writing and submitted to the court. Upon the evidence thus submitted the following facts are found: (1) The inventions described and claimed in said patents are novel and useful. (2) The plaintiff was the first and original inventor thereof, and the

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

date of his invention is referable to the date of his original application for a patent—to wit, the sixth of December, 1849. (3) This application was filed in the patent office March 1, 1850, accompanied by a specification and by a model on March 5, 1850, was rejected April 9, 1850, and was withdrawn May 4, 1850. (4) It was afterward repeatedly renewed (when does not appear), and resulted in the allowance of the patent aforesaid. (5) During the interval between the date of his application and the allowance of the patent, the plaintiff did not intend to, and did not in point of fact, abandon his said invention to the public. (6) The said inventions were not in public use or on sale with the consent and allowance of the plaintiff for a period of two years before his original application for a patent. (7) The defendant has practised the method described and claimed in letters patent 91,133 on a machine of similar construction to that described in letters patent 95,689, and is, therefore, an infringer.

These findings embraced all the material issues of fact raised by the pleadings. Several questions of law have been suggested touching the alleged defectiveness of the specifications, and the presumptive abandonment of the invention from delay in the procurement of patents. but as the objections to the plaintiff's title on these grounds have no warrant in the well-settled principles of the law of patents it is only necessary to say that they are unsustained.

Upon the whole case the court is of the opinion that the plaintiff is entitled to recover, and, as the damages have been assessed by stipulation at $100, judgment will, therefore, be entered upon the findings in favor of the plaintiff for that sum.